IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



FEB 07 2014

CLERK OF CIRCUIT COURT #75
THIRD JUDICIAL CIRCUIT
MADISON COUNTY ILLINOIS

RAYMOND BOHNENSTIEHL,      )
          Plaintiff,      )
vs.      )      No.
WAL-MART STORES, INC.,      )
KATHRYN STRONG, and      )
MATTHEW GEHRS,      )
          Defendant.      )

## COMPLAINT

### COUNT I - ADEA (Age)

NOW COMES Plaintiff, Raymond Bohnenstiehl (hereinafter referred to as "Bohnenstiehl"), and for Count I of his Complaint against Defendant, Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart"), and states:

1. From April 21, 1998 to April 4, 2012, Bohnenstiehl was employed by Wal-Mart located in the city of Collinsville, Madison County, Illinois.

2. At all relevant times, Bohnenstiehl was qualified for his position and was able to perform essential functions of his job.

3. Wal-Mart, at all relevant times, had more than 20 employees.

4. Bohnenstiehl was terminated by Wal-Mart.

5. Bohnenstiehl was 70 years of age at the time of his termination.

6. Bohnenstiehl was replaced by a younger employee under the age of 40 years of age.

EXHIBIT A

7. Bohnenstiehl was subjected to a hostile work environment and was subjected to discrimination while working for Wal-Mart because of his age, in violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq.*

8. Bohnenstiehl was terminated as a result of his age, which violates the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C Sec 621, *et seq.*

9. Prior to his termination, Bohnenstiehl was performing his job according to his employer's legitimate expectations.

10. Bohnenstiehl filed a Charge of Discrimination with the EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

11. Bohnenstiehl received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

12. Bohnenstiehl filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

13. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16. In addition, Bohnenstiehl is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

17. In addition, Bohnenstiehl is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Bohnenstiehl is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Wal-Mart.

18. In addition, Wal-Mart, through its managers, had knowledge that it may have been acting in violation of federal law and/or Wal-Mart approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Wal-Mart knew or showed reckless disregard on whether its conduct was prohibited by the ADEA and Bohnenstiehl is entitled to liquidated damages.

WHEREFORE, plaintiff, Raymond Bohnenstiehl, requests that judgment be entered in his favor and against Wal-Mart in an amount in excess of $50,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury**

### COUNT II – ADEA (Retaliation-Age)

NOW COMES Plaintiff, Raymond Bohnenstiehl (hereinafter referred to "Bohnenstiehl"), and for Count II of his Complaint against Defendant, Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart"), and states:

1-3. For paragraphs one (1) through three (3) of Count II, Plaintiff incorporates and realleges paragraphs one (1) through three (3) of Count I as though fully alleged herein.

4. Bohnenstiehl was subjected to a hostile work environment and was subjected to discrimination while working for Wal-Mart because of his age, in violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq.*

5. Bohnenstiehl reported the hostile work environment and discrimination due to his age to his supervisors at Wal-Mart.

6. Bohnenstiehl was subjected to discrimination, hostile work environment and was terminated by Wal-Mart in retaliation for reporting the age discrimination and hostile work environment.

7. Bohnenstiehl's discrimination and subsequent termination was caused as a result of his engaging in the aforementioned statutorily protected activity of reporting age discrimination against Wal-Mart, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a).

8. Prior to his termination, Bohnenstiehl was performing his job according to his employer's legitimate expectations.

9. Bohnenstiehl filed a Charge of Discrimination with the Illinois Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

10. Bohnenstiehl received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

11. Bohnenstiehl filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

12. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

13. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

14. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

15. In addition, Bohnenstiehl is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

16. In addition, Bohnenstiehl is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Raymond Bohnenstiehl is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Wal-Mart.

17. In addition, Wal-Mart, through its managers, had knowledge that it may have been acting in violation of federal law and/or Wal-Mart approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Wal-Mart knew or showed reckless disregard on whether its conduct was prohibited by the ADEA and Bohnenstiehl is entitled to liquidated damages.

WHEREFORE, plaintiff, Raymond Bohnenstiehl, requests that judgment be entered in his favor and against Wal-Mart in an amount in excess of $50,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury**

## COUNT III - VIOLATION OF FMLA

NOW COMES Plaintiff, Raymond Bohnenstiehl, by his attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count III of his Complaint against Defendant, Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart") states:

1. Raymond Bohnenstiehl was an employee of Wal-Mart at its business located in the city of Collinsville, Madison County, Illinois.

2. Raymond Bohnenstiehl exercised his rights by requesting intermittent leave under the Family Medical Leave Act from Wal-Mart.

3. Wal-Mart has more than 50 employees.

4. Raymond Bohnenstiehl was authorized and qualified for benefits under the Family Medical Leave Act. 29 U.S.C. 2614, et. seq.

5. Raymond Bohnenstiehl took off work under the Family Medical Leave Act.

6. After taking off work under FMLA, Raymond Bohnenstiehl was discharged from his job at Wal-Mart.

7. Raymond Bohnenstiehl's discharge from his employment with Wal-Mart is casually related to his request for Family Medical Leave Act benefits.

8. Wal-Mart discharged Raymond Bohnenstiehl in violation of the Family Medical Leave Act. 29 U.S.C. 2614, *et.seq.*

9. As a result of the Wal-Mart's violation of the Family Medical Leave Act, Raymond Bohnenstiehl should be awarded compensatory damages for past and future lost earnings and benefits.

10. As a result of Wal-Mart's violation of the Family Medical Leave Act, Raymond Bohnenstiehl should be awarded compensatory damages for severe emotional trauma.

11. As a result of Wal-Mart's violation of the Family Medical Leave Act, Raymond Bohnenstiehl is entitled to an award of reasonable attorney fees and costs.

12. As a result of Wal-Mart's violation of the Family Medical Leave Act, Raymond Bohnenstiehl should be awarded all incidental and consequential damages.

13. As a result of Wal-Mart's violation of the Family Medical Leave Act, Raymond Bohnenstiehl should be awarded liquidated damages.

WHEREFORE, Plaintiff, Raymond Bohnenstiehl, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

## COUNT IV-DISABILITY DISCRIMINATION - ADA

NOW COMES Plaintiff, Raymond Bohnenstiehl, by his attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count IV of his Complaint against Defendant, Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart") states:

1-3. For paragraphs one (1) through three (3) of Count IV, Bohnenstiehl incorporates and realleges paragraphs one (1) through three (3) of Count I as though fully alleged herein.

4. During the period that Plaintiff worked for Wal-Mart, Bohnenstiehl had several physical disabilities.

5. Wal-Mart, through its agents, including Bohnenstiehl's Supervisors, were aware of Bohnenstiehl's disabilities.

6. Bohnenstiehl had disabilities within the meaning of Title I of the ADA, 42 U.S.C. § 12102(2) and Bohnenstiehl was a "qualified individual with a disability" within Title I of the ADA, 42 U.S.C. § 12111(8)

7. After Wal-Mart terminated Bohnenstiehl's employment, it replaced him with an employee who was not disabled or regarded as disabled by Wal-Mart.

8. Bohnenstiehl was subjected to a hostile work environment and was subjected to discrimination while working for Wal-Mart because of his disabilities, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

9. Bohnenstiehl was terminated as a result of his disabilities, which violates the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

10. Prior to his termination, Bohnenstiehl was performing his job according to his employer's legitimate expectations.

11. Bohnenstiehl filed a Charge of Discrimination with the EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

12. Bohnenstiehl received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

13. Bohnenstiehl filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

14. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

15. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

16. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

17. In addition, Bohnenstiehl is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

18. In addition, Bohnenstiehl is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Bohnenstiehl is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Wal-Mart.

19. In addition, Wal-Mart, through its managers, had knowledge that it may have been acting in violation of federal law and/or Wal-Mart approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Wal-Mart knew or showed reckless disregard on whether its conduct was prohibited by the ADA and Bohnenstiehl is entitled to liquidated damages.

WHEREFORE, Plaintiff, Raymond Bohnenstiehl, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

## COUNT V -DISABILITY DISCRIMINATION – ADA (Retaliation)

NOW COMES Plaintiff, Raymond Bohnenstiehl, by his attorneys, Michael Brunton and Brunton Law Offices, P.C., and for Count V of his Complaint against Defendant, Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart") states:

17. As a result of the hostile work environment, discrimination and wrongful termination by Wal-Mart, Bohnenstiehl will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18. In addition, Bohnenstiehl is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

19. In addition, Bohnenstiehl is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Bohnenstiehl is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Wal-Mart.

20. In addition, Wal-Mart, through its managers, had knowledge that it may have been acting in violation of federal law and/or Wal-Mart approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Wal-Mart knew or showed reckless disregard on whether its conduct was prohibited by the ADA and Bohnenstiehl is entitled to liquidated damages.

WHEREFORE, Plaintiff, Raymond Bohnenstiehl, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

### COUNT VI – Intentional Interference of Economic Advantage vs. Kathryn Strong

NOW COMES Plaintiff, Raymond Bohnenstiehl (hereinafter referred to as "Bohnenstiehl"), by and through his undersigned attorneys, Brunton Law Office, P.C., and for Count VI of his Complaint against Defendant, Kathryn Strong (hereinafter referred to as "Strong"), states:

1-6. For paragraphs one (1) through six (6) of Count VI, Plaintiff realleges and incorporates paragraphs one (1) through six (6) of Count I as fully alleged herein.

7. Strong was an employee for Wal-Mart and she was Bohnenstiehl's supervisor.

8. Strong was involved in Wal-Mart's investigation leading up to the termination of Bohnenstiehl, and she provided Wal-Mart with the information that they used to decide to terminate Bohnenstiehl.

9. Strong intentionally and wrongfully interfered with Bohnenstiehl's economic relationship that he had through his employment with Wal-Mart, by providing incomplete and inaccurate information to Wal-Mart, and failed to perform any adequate investigation, resulting in Bohnenstiehl's termination.

10. Strong acted maliciously with personal animosity against Bohnenstiehl and Strong acted for her own personal interests contrary to those of the corporation.

11. As a proximate result of Strong's intentional interference with business relationship, Bohnenstiehl lost wages and fringe benefits and will continue to lose wages and fringe benefits in the future.

12. As a proximate result of Strong's intentional interference with business relationship, Bohnenstiehl is entitled to other incidental and consequential damages sustained by him.

13. Bohnenstiehl is also entitled to punitive damages as a result of Strong's intentional interference with business relationship.

WHEREFORE, Plaintiff, Raymond Bohnenstiehl, requests that judgment be entered in his favor and against Kathryn Strong in an amount in excess of $50,000.00 and award costs of

suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

**Plaintiff Demands a Jury Trial**

### COUNT VII – Intentional Interference of Economic Advantage
### vs. Matthew Gehrs

NOW COMES Plaintiff, Raymond Bohnenstiehl (hereinafter referred to as "Bohnenstiehl"), by and through his undersigned attorneys, Brunton Law Office, P.C., and for Count VII of his Complaint against Defendant, Matthew Gehrs (hereinafter referred to as "Gehrs"), states:

1-6. For paragraphs one (1) through six (6) of Count VII, Plaintiff realleges and incorporates paragraphs one (1) through six (6) of Count I as fully alleged herein.

7. Gehrs was an employee for Wal-Mart and was Bohnenstiehl's supervisor.

8. Gehrs was involved in Wal-Mart's investigation leading up to the termination of Bohnenstiehl, and he provided Wal-Mart with the information that they used to decide to terminate Bohnenstiehl.

9. Gehrs intentionally and wrongfully interfered with Bohnenstiehl's economic relationship that he had through his employment with Wal-Mart, by providing incomplete and inaccurate information to Wal-Mart, and failed to perform any adequate investigation, resulting in Bohnenstiehl's termination.

10. Gehrs acted maliciously with personal animosity against Bohnenstiehl and Gehrs acted for his own personal interests contrary to those of the corporation.

11. As a proximate result of Gehrs' intentional interference with business relationship, Bohnenstiehl lost wages and fringe benefits and will continue to lose wages and fringe benefits in the future.

12. As a proximate result of Gehrs' intentional interference with business relationship, Bohnenstiehl is entitled to other incidental and consequential damages sustained by him.

13. Bohnenstiehl is also entitled to punitive damages as a result of Gehrs' intentional interference with business relationship.

WHEREFORE, Plaintiff, Raymond Bohnenstiehl, requests that judgment be entered in his favor and against Matthew Gehrs in an amount in excess of $50,000.00 and award costs of suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

**Plaintiff Demands Trial by Jury**

                                            BRUNTON LAW OFFICES, P.C.

                                            By: /s/ Michael Brunton
                                            Michael J. Brunton, #6206663
                                            Mary M. Stewart, #6200773
                                            Brunton Law Offices, P.C.
                                            819 Vandalia (HWY 159)
                                            Collinsville, Illinois 62234
                                            (618) 343-0750 Phone
                                            (618) 343-0227 Fax
                                            Attorney for Plaintiff

 **CT Corporation**

**Service of Process Transmittal**
02/26/2014
CT Log Number 524474290

TO: Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th Street, MS 0215
Bentonville, AR 72716-0215

RE: **Process Served in Illinois**

FOR: Wal-Mart Stores, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**TITLE OF ACTION:** Bohnenstiehl Raymond, Pltf. vs. Wal-Mart Stores, Inc., et al., Dfts.

**DOCUMENT(S) SERVED:** Summons, Attachment(s), Complaint

**COURT/AGENCY:** Madison County - 3rd Judicial Circuit Court, IL
Case # 2014L000206

**NATURE OF ACTION:** Employee Litigation - Discrimination - on the basis of age and disability at Collinsville, Madison County, IL location

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Chicago, IL

**DATE AND HOUR OF SERVICE:** By Process Server on 02/26/2014 at 10:30

**JURISDICTION SERVED:** Illinois

**APPEARANCE OR ANSWER DUE:** Within 30 days after service, exclusive of the day of service

**ATTORNEY(S) / SENDER(S):** Michael J. Brunton
Brunton Law Offices, P.C.
819 Vandalia
Collinville, IL 62234
618-343-0750

**ACTION ITEMS:** CT has retained the current log, Retain Date: 02/27/2014, Expected Purge Date: 03/04/2014
Image SOP
Email Notification, Candiss Golaszweski-CT East CLS-VerificationEast@wolterskluwer.com
Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com

**SIGNED:** C T Corporation System
**PER:** Khalilah Starks
**ADDRESS:** 208 South LaSalle Street
Suite 814
Chicago, IL 60604
**TELEPHONE:** 312-345-4336

Page 1 of 1 / VC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

February 10, 2014

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N Main St., Edwardsville, IL 62025
(618) 296-4464
madisoncountycircuitclerkIL.org

CASE No. 2014 L 000206

DATE: February 10, 2014

RAYMOND BOHNENSTIEHL

          PLAINTIFF

VS.

WALMART STORES INC

          DEFENDANT

DEFENDANT: WALMART STORES INC

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

Witness MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this February 10, 2014.
MARK VON NIDA
CLERK OF THE CIRCUIT COURT

BY: _Bentlage_
Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
MICHAEL J. BRUNTON
819 VANDALIA
COLLINSVILLE, IL 62234

Date of Service:_____, 20_____.
(To be inserted by officer on the copy left with the defendant or other person)

1 of 2

The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.

CASE No. 2014 L 000206

STATE OF ILLINOIS }
MADISON COUNTY } ss.

I, _____, Sheriff of said county, have duly served the within summons on the defendant _____ by leaving a copy thereof with said defendant personally, on the _____ day of _____, 20____.

I have duly served the said summons on the defendant, _____
on the _____ day of _____, 20_____, by leaving a copy of said summons on said date at his/her usual place of abode with _____ _____, a person of the family of said _____ of the age of 13 years or upwards and by informing such persons with whom said summons was left of the contents thereof and by also sending a copy of said summons on the _____ day of _____, 20_____, in a sealed envelope, with postage fully prepaid, addressed to said defendant _____, at his/her usual place of abode, as stated hereinabove in my return.

Dated this _____ day of _____, 20_____.

_____                                      Sheriff

Sheriff's Fees

Service................$_____

Making Copies..........$_____

Miles Traveled..$_____

Cost of mailing copies $_____

Return.................$_____

Total..................$_____

RAYMOND BOHNENSTIEHL

PLAINTIFF

VS.

WALMART STORES INC

DEFENDANT

2 of 2